IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RUBEN PARTIDA-CERVANTES,**

                **Petitioner,**

      **v.**                                    CASE NO. 12-3023-RDR

**UNITED STATES OR AMERICA,**

                **Respondent.**

MEMORANDUM AND ORDER

    This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in the Northeast Ohio Correctional Center, Youngstown, Ohio. He seeks relief from a federal criminal sentence imposed in the District of Kansas, Case No. 04-10029-01-WEB, citing a violation of the Vienna Convention, ineffective assistance of counsel, and the use of illegal evidence.

    First, because petitioner has submitted neither the $5.00 filing fee nor a motion for leave to proceed in forma pauperis, the court will direct him to submit the fee or an appropriate motion to the court on or before February 17, 2012.

    A federal prisoner generally has two post-conviction remedies, namely, a petition for habeas corpus relief under 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255. These remedies are distinct. Where, as here, a prisoner challenges the validity of his

conviction and sentence, the remedy is a motion pursuant to § 2255 and filed in the district in which the sentence was imposed. *Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996). The remedy under § 2241, in contrast, is used to attack the execution of the prisoner's federal sentence and ordinarily must be filed in the district where the prisoner is confined. *See* § 2241(a)(district courts may grant habeas corpus relief "within their respective jurisdictions"); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody ... he should name his warden as respondent and file the petition in the district of confinement.")

The single exception to the distinction between the remedies under § 2241 and § 2255 is the "savings clause" under § 2255(e) which allows a prisoner to bring a challenge to the validity of his conviction under § 2241 if it appears the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." This exception, however, is available "only in extremely limited circumstances." *Carvalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Here, the remedy petitioner seeks, namely, relief from his sentence, is squarely within the remedy under § 2255, and the court finds no basis that would allow him to proceed under § 2241 in this district. Rather, because petitioner reports he previously was denied relief under § 2255, he must seek authorization from the Tenth Circuit Court of Appeals to proceed in a successive application under that section. *See* 28 U.S.C. §§ 2255(h);

2

2244(b)(3)(A). Accordingly, the court will dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including February 17, 2012, to submit the $5.00 filing fee or a motion for leave to proceed in forma pauperis to the court.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 2d day of February, 2012, at Topeka, Kansas.


                                        S/ Richard D. Rogers
                                        RICHARD D. ROGERS
                                        United States District Judge